AO 442 (Rev. 11/11) Arrest Warrant

11302288

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

EASTERN DISTRICT OF TEXAS
DOCUMENTS RECEIVED
1:07 pm, Jul 09 2021

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| AAKASH GANDHI | ) | Case No. 1:21cr78 |
| 330 4th Street, #209 | ) | |
| Kirland, WA | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   AAKASH GANDHI ,
who is accused of an offense or violation based on the following document filed with the court:

SEALED
☑ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☐ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

18:1349 Conspiracy to commit mail fraud
18:1341 Mail Fraud

Date: 7/8/21

*David A. O'Toole*
*Issuing officer's signature*

City and state:   Beaumont, TX

David A. O'Toole, CLERK OF COURT
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date: _____

*Arresting officer's signature*

*Printed name and title*

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 08 2021

BY
DEPUTY_____

-IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | NO. 1:21-CR 78<br>Judge: Crone/Hawthorn |
| AAKASH GANDHI | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT 1

Violation: 18 U.S.C. § 1349
(Conspiracy to Commit Mail Fraud)

1. From in or about August 2020, and continuing through in or about November 2020, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendant, **Aakash Gandhi**, along with others both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1341, mail fraud, that to place in any post office and authorized depository for mail matter, any matter and thing whatever to be sent and delivered by the Postal Service, and deposit and cause to be deposited any matter and thing whatever to be sent and delivered by any private and commercial interstate carrier, and take and receive therefrom, any such matter and thing, and knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it is addressed, any such

matter or thing for the purpose of executing a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

### Purpose of the Conspiracy

1. It was the general purpose of the conspiracy for the defendant and his co-conspirators to defraud victims and unlawfully obtain money from such victims by means of false and fraudulent pretenses, representations, and promises.

### Manner and Means of the Conspiracy

2. The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

3. To achieve the goals of the conspiracy, the defendant and his co-conspirators devised and carried out a scheme to defraud and to obtain money and property from victims by means of false and fraudulent pretenses, representations, and promises.

4. **Gandhi**, and others known and unknown, were members of a criminal fraud ring (the "Fraud Ring") operating nationwide, including within the Eastern District of Texas, that committed a government imposter fraud scheme and targeted victims throughout the United States. The primary objective of the Fraud Ring's imposter scheme was to trick and deceive victims into believing they were being contacted by officials from the Social Security Administration ("SSA"), the U.S. Drug Enforcement Administration ("DEA"), and other federal agencies to advise them that their identity had been stolen, that they were under investigation, or that they were otherwise under the

scrutiny of the federal government. To avoid further scrutiny or penalty, victims were required to mail cash to the **Gandhi's** co-conspirators via Federal Express ("FedEx") or United Parcel Service ("UPS").

5. The scheme generally worked by the Fraud Ring making initial contact with victims by telephone and misrepresenting themselves as government officials. They would advise victims that they were under investigation because their Social Security number was associated with criminal activity or that their identity had otherwise been compromised or associated with a crime. The Fraud Ring would then instruct the victims that in order to safeguard their money, avoid arrest, or avoid seizure of their assets, they needed to send payment immediately. Victims were then directed to send cash to co-conspirators utilizing aliases to an address provided to the victim by the Fraud Ring, which were generally FedEx and UPS pick-up locations.

6. Victims were often directed to send multiple such packages to various addresses over a period of time. They were often threatened with arrest; with having their personal property and assets seized by the government; or with some other official action against them if they did not comply.

7. The Fraud Ring posed under assumed and false names to pick up packages of cash mailed by victims at FedEx and UPS pick-up locations and presented false and fraudulent identification documents to pick up such packages.

### Overt Acts

8. In furtherance of the conspiracy and to achieve its objects and purpose, the following overt acts, among others, were committed in the Eastern District of Texas and

elsewhere:

9. On or about October 1, 2020, an unindicted co-conspirator called Victim R.T. in Beaumont, Texas. The unindicted co-conspirator fraudulently identified themselves as a "Social Security Administration Special Agent" and falsely claimed that R.T. was under investigation due to R.T.'s social security number being involved in a federal crime. R.T. was informed by the unindicted co-conspirator that R.T. could prove that R.T. was not a criminal and obtain a new social security number by sending money to the fictitious Social Security Administration Special Agent. The unindicted co-conspirator demanded that Victim R.T. mail United States currency to an individual identified as E.C. at a UPS Store in Seattle, Washington.

10. On or about October 7, 2020, Victim R.T. mailed a parcel containing not less than $10,000 in U.S. currency to E.C. at 3518 Fremont Avenue N., Seattle Washington 98103 from the Eastern District of Texas.

11. The unindicted co-conspirator continued to demand that Victim R.T. mail additional payments to E.C. at a UPS Store in Seattle, Washington.

12. On or about October 8, 2020, Victim R.T. mailed a parcel containing not less than $10,000 in U.S. currency to E.C. at 3518 Fremont Avenue N., Seattle Washington 98103 from the Eastern District of Texas.

13. On or about October 8, 2020, defendant **Aakash Gandhi**, representing himself as E.C., entered the UPS store located at 3518 Fremont Avenue N., Seattle, Washington 98103 and requested and received parcel containing not less than $10,000 mailed by Victim R.T.

14. On or about October 9, 2020, defendant **Aakash Gandhi**, representing himself as E.C., entered the UPS store located at 3518 Fremont Avenue N., Seattle, Washington 98103 and requested and received a parcel containing not less than $10,000 mailed by Victim R.T.

All in violation of 18 U.S.C. § 1349.

### COUNTS 2-3

Violation: 18 U.S.C. § 1341
(Mail Fraud)

15. Paragraphs 1-14 of Count 1 of this indictment are realleged and incorporated by reference as though fully set forth herein, as constituting and describing the defendant's scheme and artifice to defraud and unlawfully obtain money from victims by means of false and fraudulent pretenses, representations, and promises.

16. On or about the dates specified as to each count below, in the Eastern District of Texas and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and unlawfully obtain money from victims by means of false and fraudulent pretenses, representations, and promises, the defendant, **Aakash Gandhi**, acting in concert with others both known and unknown to the Grand Jury, knowingly deposited and caused to be deposited any matter and thing whatever to be sent and delivered and caused to be delivered by a private and commercial interstate carrier according to the direction thereon the following matter:

| Count | Date | Description |
|---|---|---|
| 2 | October 8, 2020 | Mail matter containing cash |

|   |   |   |
|---|---|---|
|   |   | delivered to Seattle, Washington from the Eastern District of Texas |
| 3 | October 9, 2020 | Mail matter containing cash delivered to Seattle, Washington from the Eastern District of Texas |

All in violation of 18 U.S.C. § 1341.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c)

1. The allegations contained in Counts 1 through 3 of this indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any violation of 18 U.S.C. §§ 1349 or 1341, the defendant, **Aakash Gandhi,** shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. The property which is subject to forfeiture, includes but is not limited to the following:

> A money judgment in the amount of $20,000.00, in United States currency, and all interest and proceeds traceable thereto,

representing the proceeds of the offense, for which the defendant is personally liable.

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred, or sold to, or deposited with a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **Aakash Gandhi**.

5. By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c), and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

_____
JONATHAN C. LEE
Assistant United States Attorney

DATE   7-7-2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. 1:21-CR- 78 |
| AAKASH GANDHI | § | |

## NOTICE OF PENALTY

### COUNT 1

Violation:  18 U.S.C. § 1349

Penalty:  Imprisonment of not more than twenty (20) years, a fine not to exceed $250,000.00, or both, and a term of supervised release of not more than three (3) years.

Special Assessment: $100.00

### COUNTS 2 and 3

Violation:  18 U.S.C. § 1341

Penalty:  Imprisonment of not more than twenty (20) years, a fine not to exceed $250,000.00, or both, and a term of supervised release of not more than three (3) years.

Special Assessment: $100.00